[No. B017245. Second Dist., Div. Two. Sept. 29, 1986.]

In re the Marriage of JEANNE MARIE and JAMES RUSSELL MOORE.
JEANNE MARIE MOORE, Respondent, v.
JAMES RUSSELL MOORE, Appellant.

**COUNSEL**

Michael F. Shapiro for Appellant.

Capalbo, Lowenthal & Shacter and David M. Shacter for Respondent.

**OPINION**

**ROTH, P. J.—** James Moore (Husband) appeals from an order granting increased child support to Jeanne Moore (Wife) for their two minor children. The issue on appeal is whether the statutory limitation on the increase in child support contained in Civil Code section 4700.1 is applicable when the respondent opposes the petitioner's request to modify the child support order. Concluding that the answer is "Yes," we reverse.

Husband and Wife married on October 27, 1963. Three children were born of their union. Wife filed for divorce in 1970. The trial court filed an

interlocutory judgment of dissolution of marriage on February 27, 1971. In it the trial court ordered Husband to pay Wife child support of $50 per child per month, for a total of $150 per month.

Fourteen years later, Wife filed a "Notice of request to change child support order [CC § 4700.1]" for the two youngest children (the eldest having achieved adulthood). She requested that support be increased to $210 per child per month. She did not explain how she arrived at the requested figure, but on her request she checked the box which reads: "At least one year has passed since the last order for child support was entered . . . . In 1970 and the amount of change included support sought does not exceed 10 percent of the previous order for each year since then. . . ." Civil Code section 4700.1, upon which Wife based her request, states as follows:

"(a) It is the intention of the Legislature in enacting this section to provide an additional, simplified method for the modification of child support awards.

"(b) A notice of motion to modify an order awarding child support may be filed under this section at any time subsequent to one year after the entry of a previous order for the award of child support, except that the one-year limitation shall not be applicable if the request for modification is based on a significant decrease in the income of the moving party.

"A motion to modify child support shall include a proposed order for modification of child support, and a declaration that the facts on which the motion is based are true and correct, under penalty of perjury. The moving party shall cause the notice of motion and the proposed order to be served on the other party to the child support award. The responding party shall have 30 days from the date of service within which to file an objection and request for a hearing. If the responding party so files, he or she shall be responsible for requesting a hearing date and giving notice thereof to the moving party. The original proof of service of the notice of the objection and request shall be filed at the same time as the filing of the objection and the request for hearing.

"(c) No attorney at law or person other than the moving or responding party shall take any part in the filing or prosecution or defense of a proceeding pursuant to this section, unless the attorney is appearing as a party to the proceeding. Nothing in this section shall be construed to prohibit an attorney from rendering advice to a party to the proceeding, either before or after the commencement of the proceeding. However, if a party to such a proceeding elects to be represented by counsel, the court shall proceed on the motion as specified in subdivision (i).

"(d) Only one modification of child support pursuant to this section shall be granted within any 12-month period, except in cases where the request for a modification is based on a significant decrease in the income of the moving party.

*"The court may grant a modification of child support, not to exceed an amount equal to 10 percent of the current award for each year subsequent to the date on which the current award was granted, without requiring a showing of changed circumstances by the moving party, to the extent justified by the economic evidence presented by way of the income statements (and expense statements, if the court deems them necessary and relevant) of the parties.* In the event of a default by the responding party, the court shall award a modification, without requiring the submission of economic evidence by the moving party.

"In cases in which the request for modification is based on a significant decrease in the income of the moving party, the moving party shall present evidence of his or her decline in economic circumstances. The amount of the modification shall be based on the economic evidence presented by way of income statements (and expense statements, if the court deems them necessary and relevant) of the parties. In the event of a default by the responding party in a case where the request for the modification is based on a significant decrease in the income of the moving party, the court shall award a modification based on the evidence. If the court considering the request for modification awards child support according to guidelines in use within its jurisdiction, the amount of modification shall be based on those guidelines. If no guidelines are in use, the amount of the modification shall be based on the factors employed in determining the existing award."

"In addition to the income statement (and the expense statement, if required by the court), in a contested proceeding, both the moving party and the responding party shall make available to the court copies of their state income tax returns for the preceeding year at the time of the hearing."

". . . . . . . . . . . . . . . . . . . . . . . .

"(i) Upon notice by a party to a proceeding under this section that he or she elects to be represented by counsel in the proceeding, the court shall proceed on the motion as in a proceeding for modification of child support pursuant to section 4700. A party's notice of intent to proceed with the benefit of counsel shall be accompanied by the party's declaration under penalty of perjury stating facts evidencing that intent." (Italics added.)

Husband filed an opposition on the ground that Wife's request exceeded 10 percent per year of the original order. To conform to the requirements

of section 4700.1, he proposed $120 per child per month. He reasoned that as 10 percent of the original $50 a month order was $5 and 14 years had passed, the maximum permissible increase available was $70 ($5 for each of the 14 years), thus bringing the original $50 a month support obligation to $120 per month.

A hearing was held on August 19, 1985. Wife did not attempt to demonstrate any "changed circumstances."[1] The only contested evidentiary issue was the extent of each party's earnings. The court awarded Wife $227 per child per month, $17 more a month than she had requested. The court explained itself this way: "That [the 10 percent limit] only works if he doesn't oppose. Once he opposed, it is up for grabs. That doesn't control it. It could be higher or lower. . . . Under the law if it is unopposed, it is 10 percent per year, starting with the year after the order, and, of course, it is a very old order, but that is just limited to where there is no opposition."[2]

Husband appeals.

The Legislature intended the mechanism of section 4700.1 to be a relatively quick way to modify child support awards. (Civ. Code, § 4700.1, subd. (a).) This is effectuated in several ways.

First, the parties dispense with the services of attorneys. Many, no doubt, would consider this a considerable advantage, permitting the parties to speak to each other and to the court without costly and perhaps overcontentious intermediaries.[3]

Secondly, the moving party need not present any evidence of changed circumstances in order to secure a modification of the award. The modification need only be justified by economic evidence presented in the form of income and expense statements.[4]

---

[1] At the hearing, Wife stated she wanted $225 a month for each child because that was ". . . in line [with] what other people are getting."

[2] The trial court's minute order states: "Order is based on the petitioner having a gross monthly income of $2,500 and a net monthly income of $1,700 and the respondent having a gross monthly income of $2,850 and a net monthly income of $2,093."

[3] Or as Benjamin Disraeli put it, "The Bar: Pooh!" (Maurois, Disraeli: A Picture of the Victorian Age (1942) p. 22.)

[4] Civil Code section 4700.3 provides: "In making a modification based on a request to increase the amount of child support payments pursuant to Section 4700.1, the court shall take into consideration the age increase factor developed by the Judicial Council pursuant to Section 246."

And lastly, the amount of the increased award is not totally within the trial court's discretion as any increase in support is limited by the 10 percent rule.[5]

Hence, a petitioner's inclination to present evidence and argue for the greatest possible increase, and the respondent's complementary inclination to favor the smallest possible increase, are curtailed, conserving the time, energy, and tranquility of the parties and of the court.

Wife argues that this legislatively mandated simplicity would be furthered by requiring that for the 10 percent ceiling to apply, section 4700.1 petitions must remain unopposed. However, not only is there no textual support for this position in section 4700.1 itself[6] but its terms suggest the opposite.

Subdivision (b) states that "[t]he responding party shall have 30 days from the date of service within which to file an objection and request for a hearing." It does not go on to say that an objection will negate the 10 percent cap set forth in subdivision (d). Thus, section 4700.1 specifically contemplates the possibility that an application for modification will be opposed yet does not suggest that its provisions are operative only during an uncontested proceeding.

Most significantly, the section explicitly states the circumstances in which a respondent may forego section 4700.1. It is when a party decides to be represented by an attorney that "the court shall proceed on the motion as in a proceeding for modification of child support pursuant to Section 4700." (Civ. Code, § 4700.1, subd. (i).) This shows that the choice to take the procedure out of the ambit of Section 4700.1 lies with the parties, not with the court.[7]

---

[5]The statute is ambiguous as to whether the 10 percent cap applies if the moving party establishes changed circumstances such as a decline in income. We need not, and do not, discuss nor decide that issue as it is not raised by the facts in the present proceeding.

[6]Neither party has cited any legislative history on this point and our independent research has failed to disclose anything to support wife's position.

Nothing in the forms developed by the Judicial Council for mandatory use in section 4700.1 motions state that any objection to the request for increased support lifts the 10 percent ceiling (see Rules 1285.27 to 1285.39 of the Cal. Rules of Court) and none of the current practice materials available to the bench and bar even hint at such a position (see, e.g., Arner, Cal. Marital Dissolution Practice (Cont.Ed.Bar Supp. 1985) § 24.7A, pp. 117-118; Hogoboom & King, Cal. Practice Guide—Family Law 1 (The Rutter Group 1985), §§ 17:96-17:123; Adams & Sevitch, Cal. Family Law Practice (1986 ed.) §§ M.75.5-M.75.14; and Markey, Cal. Family Law-Practice and Procedure (1984 ed.) § 51.25A.)

[7]As opposed to section 4700.1 motions, modification proceedings under section 4700 require a showing of changed circumstances and there is no statutory limitation on the amount the support order can be changed.

The Legislature having carefully erected this structure, the trial court was not free to enlarge or diminish it. Thus, as the parties in the case at bench elected to use section 4700.1, the court below erred in not following its guidelines in computing its order.

The order under review is reversed and the trial court is directed to rehear the matter in conformity with the opinions expressed herein. Each party is to bear her or his own costs on appeal.

Compton, J., and Gates, J., concurred.